Case 1:25-mj-00166-GMH    Document

Case: 1:25-mj-00166
Assigned To: Judge Harvey, G. Michael
Assign. Date: 8/23/2025
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF OFFENSE

On August 22, 2025, at approximately 4:26 p.m., U.S. Capitol Police Officer Seth Carll was parked in a police cruiser in the Unit Block of Constitution Avenue NW, Washington, D.C. While Officer Carll was monitoring traffic, a maroon Mercury Tracer with heavily tinted windows and bearing Virginia temporary tag #A72170 drove by. Officer Carll knew that Virginia's alphanumerical sequence was, to-date, much higher than "A," so he ran a Washington Area Law Enforcement System (WALES) check on the tag, which revealed that the tag expired on April 25, 2025.

Officer Carll followed the Tracer into the 100 block of Constitution Avenue NE where he activated his lights and sirens. Approximately three-quarters of a block later, the car came to a stop at the corner of Maryland Avenue and Constitution Avenue NE. Officer Carll approached the driver's side of the car, where an individual later identified as Tauno JOHNSON (DOB ▇▇▇▇▇▇▇) was seated. JOHNSON was the sole occupant of the vehicle, and as Officer Carll approached, he placed his hands outside of the window with his palms out.

During the stop, JOHNSON explained to Officer Carll that he purchased the car with the tags affixed two weeks ago for $1,600. JOHNSON provided a Maryland learner's permit to Officer Carll, but did not have proof of registration or insurance. Officer Carll asked JOHNSON about his recent arrests, and JOHNSON responded that he was on probation for an Armed Robbery from 10 years ago. A WALES check of JOHNSON confirmed his active learner's permit and his active probation.

Officer Carll also conducted a VIN check of the Mercury Tracer, which revealed it was not registered in D.C., Maryland, or Virginia. Officer Carll then ordered JOHNSON to turn off the car and get out. After some hesitation, JOHNSON complied, deliberately undoing his seatbelt, opening the driver's side door, and getting out of the car with his hands in the air. During JOHNSON's exit, Officer Carll removed a clip-on knife from JOHNSON's pocket. After explaining the proper way to buy and register a car, Officer Carll explained to JOHNSON that the Mercury Tracer was going to be impounded because it was outside of a government building, had an expired registration, and there was no licensed driver with JOHNSON.

Officer Carll conducted an inventory search of the vehicle prior to it being towed to the impound lot. In the glove compartment, Officer Carll found a black and silver pistol with the hammer cocked back. The pistol was positioned with the muzzle facing the engine block and the backstrap facing outwards.



Figure 1: the firearm in the glove box

JOHNSON was placed under arrest at approximately 4:57 p.m. and transported to U.S. Capitol Police Headquarters for processing. The Mercury Tracer was towed to a secure lot.

U.S. Capitol Police Crime Scene Technicians responded, documented the scene, and recovered the pistol. The firearm was recovered and discovered to be a Bersa Thunder 380 handgun, serial no. ▌▌▌▌▌. It was loaded with one round in the chamber and seven rounds in the magazine, which was capable of holding eight rounds. The gun appeared to be a fully functional firearm with a barrel length of less than 12 inches, designed to be fired with a single hand and capable of expelling a projectile by means of an explosion. A NCIC/WALES check revealed that the firearm was not registered in the District of Columbia.



**Figure 2: the recovered firearm and ammunition**

There are no firearm or ammunition manufacturers in the District of Columbia. Thus, the firearm and ammunition described above necessarily traveled in interstate commerce before it was recovered in the District of Columbia.

The Metropolitan Police Department's Gun Registration Unit confirmed that JOHNSON does not have a license to carry a firearm in the District of Columbia, and the pistol is not registered in D.C. A criminal history check revealed that JOHNSON had previously been convicted of a crime punishable by a term of incarceration greater than one year. In Case Number ▮▮▮▮ in ▮▮▮▮, JOHNSON was convicted of Robbery with a Dangerous Weapon, and February 9, 2017, was sentenced to ten years' imprisonment. In Case Number ▮▮▮▮ ▮▮▮▮ in ▮▮▮▮, JOHNSON was convicted of Armed Robbery, and was sentenced on February 20, 2018, to twelve years' incarceration, all but eight of which were suspended.

3

As such, your affiant submits that probable cause exists to charge Tauno JOHNSON (DOB ▓▓▓▓▓) with a violation of 18 U.S.C. § 922(g)(1), which makes it a crime for a convicted felon to possess a firearm and ammunition.

Respectfully submitted,

_____
Peter Campopiano
Special Agent, Badge # 6328
United States Capitol Police

Subscribed and sworn by telephone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on August 23, 2025.

_____
HONORABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE